IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WAYNE T. BAKER, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 12-869-LPS |
| PERRY PHELPS, Warden, | : |
| Respondent. | : |

**MEMORANDUM**

## I. BACKGROUND

Petitioner has filed a handwritten document entitled "Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By Person In State Custody." (D.I. 1) Although mostly unintelligible, Petitioner appears to request: (1) medical treatment for injuries caused by another inmate; (2) compensation for such injuries and injustices caused by such inmate; and (3) immediate release from prison because of the injustices, injuries, and damages he has suffered at the hands of the same inmate. (D.I. 1 at 7-8)

## II. LEGAL STANDARDS

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a § 2254 motion "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254. Significantly, a court may only entertain a petition filed pursuant to 28 U.S.C. § 2254 if the petitioner asserts that "he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a).

## III. DISCUSSION

Having reviewed the face of the Petition, the Court concludes that summary dismissal is appropriate in this case. Petitioner's requests for medical treatment and a monetary award are not properly asserted pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("[I]f a . . . prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release, . . . habeas corpus is not an appropriate or available federal remedy."); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("when [a prisoner's] challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, and action under [42 U.S.C.] § 1983 is appropriate."). In turn, Petitioner's contention that he is entitled to release because of the "injustices, abuses, and damages" he has suffered at the hands of another inmate does not assert a basis for § 2254 relief, because it does not challenge the constitutionality or legality of Petitioner's underlying conviction and/or custody. (D.I. 1 at 8) For these reasons, the Court concludes that the Petition does not assert a basis for habeas relief.

## IV. PENDING MOTIONS

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel and a Motion to Appoint a Judge. (D.I. 6; D.I. 7) As the Court has concluded that dismissal of the instant Petition is appropriate, the Court will deny these two Motions as moot.

## V. CONCLUSION

For the reason set forth above, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: February 21, 2013

_____
UNITED STATES DISTRICT JUDGE